# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DENA ALMOND,**
**Claimant Below, Petitioner**

(BOR Appeal No. 2058511)

**vs.) No. 22-ICA-321**     (JCN: 2019017306)

**WEST VIRGINIA STATE AGENCIES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dena Almond appeals the November 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia State Agencies ("WVSA") filed a timely response.[1] Ms. Almond did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order, which affirmed the claim administrator's order granting Ms. Almond a 3% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Almond suffered an injury to her right leg on February 11, 2019, while employed by WVSA. Ms. Almond slipped and fell while she was walking into her workplace. The claim administrator issued an order dated February 14, 2019, which held the claim compensable for displaced comminuted fracture of the right patella.

On July 26, 2019, Ms. Almond underwent an MRI of her right hip, which revealed mild partial tearing of the left gluteus minimus tendon at the insertion, mild left greater trochanteric bursitis, mild bilateral labral degenerative changes, and minimal bilateral hip joint degenerative changes.

---

[1] Ms. Almond is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. WVSA is represented by Steven K. Wellman, Esq, and James W. Heslep, Esq.

James P. Maurer, D.O., Ms. Almond's treating physician, submitted a Diagnosis Update form dated September 26, 2019, requesting that right patellar fracture, right hip pain, and right hip labral tear be added to the claim.

On January 14, 2020, Ms. Almond was seen by Prasadarao Mukkamala, M.D., for an independent medical examination ("IME"). Ms. Almond reported pain, swelling, clicking, and catching at the right knee; and pain in the right hip. Dr. Mukkamala diagnosed Ms. Almond with a fracture of the right patella that had been treated with internal fixation and subsequent hardware removal. Dr. Mukkamala found that an MRI of the hips revealed degenerative arthrosis, mild bilateral labral degenerative changes, and minimal bilateral hip joint degenerative changes. Dr. Mukkamala opined that Ms. Almond was at maximum medical improvement ("MMI") for the patella fracture, but not for the hip condition. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found 3% whole person impairment ("WPI") for the right knee, due to atrophy of the right thigh. Dr. Mukkamala found no impairment due to loss of range of motion of the right knee and no impairment for the right knee based on Table 64 of the *Guides*. Dr. Mukkamala did not give a rating for the hip, as Ms. Almond was not at MMI for that injury.

Rebecca Thaxton, M.D. completed a medical records review and issued a report dated February 11, 2020. Dr. Thaxton agreed that Ms. Almond had a 3% WPI related to her right knee and opined that no diagnosis related to Ms. Almond's right hip should be added as a compensable component of the claim.

By order dated March 4, 2020, the claim administrator added the diagnoses of right hip pain and right hip labral tear as compensable components of the claim.

Ms. Almond was seen by Joseph E. Grady, II, M.D., for an IME on May 10, 2021. Ms. Almond reported pain in the right hip and right knee and denied any previous injuries or symptoms involving the right knee prior to the compensable injury. A physical examination revealed discomfort with movement of the right hip, mild crepitus of the right knee with some mild tenderness of the patella, and no limited range of motion of the right hip or right knee. Dr. Grady opined that Ms. Almond had reached MMI for the compensable injury. Using the *Guides*, Dr. Grady found that Ms. Almond had no WPI related to the right hip and a 3% WPI of the right knee based on Table 64 of the *Guides* for patellar fracture which was surgically treated. Dr. Grady opined that Ms. Almond had a total of 3% WPI due to her compensable injury.

On August 11, 2021, Ms. Almond was seen by Michael Kominsky, D.C. Ms. Almond reported right knee pain and swelling, and right hip pain. A physical examination of the right knee revealed swelling, tenderness, decreased range of motion, mild instability, and mild diminished sensation. A physical examination of the right hip revealed swelling, tenderness, decreased range of motion, mild weakness, and diminished sensation. Dr.

Kominsky opined that Ms. Almond had reached MMI for her right knee and right hip. Dr. Kominsky found a 3% impairment for right thigh atrophy and a 3% impairment for patellar fracture, and he combined these for a total 6% WPI of the right knee. Dr. Kominsky opined that Ms. Almond had a 6% WPI of the right hip for loss of range of motion. Using the *Guides*, Dr. Kominsky combined the totals and found that Ms. Almond had a total WPI of 12% due to the compensable injury.

Ms. Almond was seen by Robert B. Walker, M.D., on September 26, 2021. Dr. Walker found that the claimant had a 10% lower extremity impairment ("LEI") for decreased range of motion of the right hip, an LEI of 20% for decreased range of motion of the right knee, and an LEI of 4% for right thigh atrophy. Dr. Walker combined and converted the total impairment for a WPI of 12% due to the compensable injury.

On November 30, 2021, Ms. Almond was seen by David L. Soulsby, M.D., for an IME. Ms. Almond reported right hip and right knee pain with a popping sensation of the right hip and the sensation that both could give out. A physical examination of the right hip revealed tenderness, crepitation, and normal range of motion. A physical examination of the right knee revealed tenderness over the patella and the tibial tubercle, crepitation, and normal range of motion. The examination also revealed atrophy of the right thigh. Dr. Soulsby opined that Ms. Almond had reached MMI. Using the *Guides*, Dr. Soulsby determined that Ms. Almond had a total of 3% WPI for the right knee.

By order dated June 14, 2021, the claim administrator granted Ms. Almond a 3% PPD award based on Dr. Grady's report. Ms. Almond protested this order. On June 30, 2022, the OOJ issued an order affirming the claim administrator's order granting Ms. Almond a 3% PPD award. The OOJ found that the reports of Drs. Walker and Kominsky were unreliable as they were outliers and not in accord with the other reliable reports. The OOJ further found that no other reports found more than a 3% total WPI. The Board issued an order dated November 22, 2022, affirming the OOJ's order. Ms. Almond now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

3

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Almond argues that the preponderance of the evidence establishes that she sustained more than a 3% PPD from her compensable injury. Ms. Almond argues that two physicians were able to find a ratable impairment for her hip injury and the fact that Dr. Grady did not consider the entirety of her hip injury makes Dr. Grady's rating invalid. Ms. Almond further argues that Dr. Kominsky's combination of an impairment rating for atrophy and an impairment rating for loss of range of motion was allowable under the *Guides*.

The OOJ found that Dr. Kominsky's combination of an impairment rating for atrophy and an impairment rating for loss of range of motion was not allowable under the *Guides* as Section 3.2c of the *Guides* provides. The OOJ further found that there were no reliable reports from any physician finding that Ms. Almond had a greater than 3% total WPI.

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in finding that Ms. Almond failed to establish that she has a greater than 3% total WPI. Further, the OOJ's analysis of Section 3.2c of the *Guides* supports its determination that a combination of impairment ratings for atrophy and loss of range of motion is not allowable in this case.

Finding no error in the Board's November 22, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

4